935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Terry Walker MULLINS, Petitioner-Appellant,
v.
WARDEN, HUTTONSVILLE CORRECTIONAL CENTER, Respondent-Appellee.
 No. 90-6443.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-90-76-E)
 Franklin D. Cleckley, Morgantown, W.Va., for appellant.
 Mario J. Palumbo, Attorney General, Teresa A. Tarr, Assistant Attorney General, Charleston, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Terry Walker Mullins appeals from the district court's order accepting the magistrate judge's recommendation that his 28 U.S.C. Sec. 2254 petition be dismissed. Mullins argues that his indictment for first degree arson under West Virginia Code Sec. 61-3-1 (1935) was fatally defective because it did not charge that he burned a dwelling house. We affirm.
 
 
 2
 Mullins' indictment charged that he did feloniously, maliciously, willfully and unlawfully set fire to and burn a certain building and storehouse situated in Bradshaw, McDowell County, West Virginia, then owned by Will Harvey Mullins and then possessed and occupied by Bobbie Jean Hughes, an individual, trading and doing business under the name of The Sound Factory, and who owned the contents therein which were also burned and destroyed, in violation of West Virginia Code 61-3-1, as amended[.]
 
 
 3
 West Virginia Code Sec. 61-3-1 provides as follows:
 
 
 4
 Any person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied, or vacant, or any kitchen, shop, barn, stable, or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years.
 
 
 5
 Second degree arson, as defined in W.Va.Code Sec. 61-3-2 (1935), proscribes the burning of any building or structure not specifically covered by the first degree arson statute. Mullins argues that the indictment was sufficient only for a charge of second degree arson since it did not charge that he burned a dwelling house.[1]
 
 
 6
 As noted by the West Virginia Supreme Court, Mullins' indictment substantially tracked the statutory language and stated that the acts were in violation of the first degree arson statute. State v. Mullins, 383 S.E.2d 47, 51 (W.Va.1989). Furthermore, it is clear that Mullins was fully informed of the charge he faced and specifically defended on the basis of the first degree arson statute charged in the indictment. Under these circumstances, the deficiency in the indictment, if any, was not so egregiously unfair as to deprive Mullins of his right to due process. See Ashford v. Edwards, 780 F.2d 405 (4th Cir.1985).[2]
 
 
 7
 We therefore affirm the district court's dismissal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The building described in the indictment was divided into retail property on the bottom floor and four apartments on the upper floor. One of the apartments was occupied by Mullins' sister, and the other three were vacant
 
 
 [2]
 Mullins also argues that the district court erroneously relied on procedural bar to limit its review. However, both the state appellate court and the district court reached the merits and did not apply procedural bar